J-S70036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL S. BROWN, | : | |
| | : | |
| Appellant | : | No. 87 EDA 2016 |

Appeal from the PCRA Order December 4, 2015
in the Court of Common Pleas of Lehigh County,
Criminal Division, No(s):  CP-39-CR-0002452-2005,
CP-39-CR-0003709-2004

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 15, 2016**

Michael S. Brown ("Brown") appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant factual and procedural history:

In April and May of 2005, [Brown] and his girlfriend committed several armed robberies in Lehigh and Northampton Counties. All of the cases were prosecuted in Lehigh County.  In case CP-39-CR-2452-2005, [Brown] pled guilty to four counts of robbery and five counts of criminal conspiracy to commit robbery.  In case CP-39-CR-3709-2004, [Brown] pled guilty to a single count of bad checks ….  On December 5, 2005, the Honorable William H. Platt, now retired from the Lehigh County Court of Common Pleas, sentenced [Brown] to an aggregate confinement term of not less than eighteen years to not more than forty-eight years for the two cases.

[Brown] appealed his robbery sentences.  [This Court affirmed the judgment of sentence on January 5, 2007.  ***See Commonwealth v. Brown***, 919 A.2d 968 (Pa. Super. 2007) (unpublished memorandum).]

On January 9, 2008, [Brown] filed a *pro se* [P]etition for PCRA relief in both cases. Judge Platt denied that [P]etition on June 26, 2008. [This Court affirmed the denial, and the Supreme Court of Pennsylvania denied Brown's Petition for allowance of appeal. **See Commonwealth v. Brown**, 991 A.2d 354 (Pa. Super. 2010), *appeal denied*, 12 A.3d 287 (Pa. 2011).]

PCRA Court Opinion, 12/4/15, at 1-2.

On December 19, 2014, Brown, through counsel, filed the instant PCRA Petition. Thereafter, Brown filed an Amended PCRA Petition. Following a hearing, the PCRA court dismissed the Petition. Brown filed a timely Notice of Appeal.

On appeal, Brown raises the following questions for our review:

1. The PCRA court held that [Brown's] claim was untimely and unqualified for substantive review under the "[newly]-discovered evidence" exception to the jurisdictional time-bar. Did the court err in concluding that [Brown] had prior knowledge of the facts giving rise to his claim based on one 15-minute videoconference with his public defender moments before his sentencing?

2. The PCRA court also found that [Brown] did not assert a viable claim for ineffective assistance of counsel. Did the court err in light of (a) the sentencing judge's known bias against mitigation based on drug addiction[,] (b) the undeniably harsh sentence imposed[,] and (c) the indisputable fact that the missing records would have supported [Brown's] claims and contradicted the stated rationale for his sentence?

Brief for Appellant at 4.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

- 2 -

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Brown's judgment of sentence became final on February 5, 2007, after the thirty-day period to seek review with the Supreme Court of Pennsylvania expired. ***See Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014). Thus, Brown had until February 5, 2008, to file a timely PCRA petition. Because Brown did not file the instant PCRA Petition until December 19, 2014, his Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); ***Albrecht***, 994 A.2d at 1094.

Brown invokes the newly-discovered facts exception at 9545(b)(1)(ii),[1] and argues that his counsel was ineffective at sentencing for failing to include information about his drug addiction and treatment in the pre-sentence investigation report ("PSI"). Brief for Appellant at 15, 17-18. Brown asserts that sentencing counsel's testimony at the hearing on his Petition supported his assertion that he only became aware of the new facts upon PCRA counsel's discovery, and thus, Brown exercised due diligence. *Id*. at 19-22. Brown claims that he established that but for sentencing counsel's ineffectiveness, his sentence would have been different. *Id*. at 25-32. Brown further contends that the missing treatment records and incomplete drug and alcohol evaluation were newly-discovered facts, and that he had not seen the PSI or discussed the missing information with counsel. *Id*. at 18-19, 22-24.

Initially, Brown's claims of ineffective assistance of counsel do not implicate the newly-discovered facts exception, and will not save an otherwise untimely petition from the application of the time restrictions of the PCRA. *See Commonwealth v. Edmiston*, 65 A.3d 339, 349 (Pa.

---

[1] To prove the newly-discovered facts exception, "the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." *Commonwealth v. Brown*, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted).

2013); *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000).[2]

Moreover, Brown did not exercise due diligence in discovering the missing treatment records and presenting his claim. Indeed, Brown knew at the time of sentencing, in December 2005, of the missing records and incomplete drug and alcohol evaluation. *See* N.T., 11/23/15, at 42-46; *see also* PCRA Court Opinion, 12/4/15, at 4-5. Thus, because Brown failed to raise such a claim until December 2014, he failed to exercise due diligence and did not properly invoke the newly-discovered facts exception. *See Edmiston*, 65 A.3d at 349 (stating that a petitioner did not exercise due diligence where he was aware of the factual basis of his claim for over fifteen years prior to raising the claim); *Commonwealth v. Stokes*, 959 A.2d 306, 311–12 (Pa. 2008) (concluding that appellant did not establish due diligence in invoking the newly-discovered facts exception where he was aware of the evidence for years prior to raising the claim).[3]

Order affirmed.

---

[2] The Supreme Court of Pennsylvania has determined that a PCRA petitioner's discovery that his counsel has abandoned him (by failing to file a requested appeal from an order denying his timely first PCRA petition, a court-ordered Pa.R.A.P. 1925(b) concise statement, or an appellate brief) can permit the petitioner to circumvent the PCRA time bar under the newly-discovered facts exception. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1273 (Pa. 2007). In the instant case, Brown was not deprived of his right to a counseled first PCRA appeal, and thus, *Bennett* is inapplicable.

[3] The PCRA court also notes that, at sentencing, Judge Platt was aware of Brown's substance abuse history based upon information in the PSI and testimony presented at sentencing. *See* PCRA Court Opinion, 12/4/15, at 6.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016